# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Preferred Underwriting Alliance, Inc., | ) | Case No.: 06-00759-BGC-7 |
| | ) | |
| Debtor. | ) | |

## ORDER

The matters before the Court are:

1) A <u>Motion of the Insurance Commissioner of the Commonwealth of Pennsylvania for Relief from the Automatic Stay under Section 362(a), Pursuant to Section 362(d) of the Bankruptcy Code</u> filed on April 21, 2006 (Proceeding No. 21); and

2) The <u>Debtor's Response to Motion of the Insurance Commissioner of the Commonwealth of Pennsylvania for Relief from the Automatic Stay under Section 362(a), Pursuant to Section 362(d) of the Bankruptcy Code</u> filed on May 8, 2006 (Proceeding No. 30).

After notice, a hearing was held on May 16, 2006. Appearing were James Henderson the Trustee; Lee Benton, attorney for the debtor; and William King, III, attorney for the movant. The matter was submitted on the arguments of counsel and the pleadings.

## I. Background

The movant seeks relief from the automatic stay to continue with litigation filed in the United States District Court for the Northern District of Alabama, on December 2, 2004.

## II. Findings of Fact

The facts necessary to decide the pending matter do not appear to be in dispute.

This Court adopts the pre-bankruptcy facts as set out in detail in the <u>Magistrate Judge's Report and Recommendation</u> filed on January 16, 2006, by the Honorable John E. Ott, U.S. Magistrate Judge, N.D. Alabama. See Exhibit A to the <u>Motion of the Insurance Commissioner of the Commonwealth of Pennsylvania for Relief from the Automatic Stay under Section 362(a), Pursuant to Section 362(d) of the Bankruptcy Code</u> filed here on April 21, 2006. Those facts are summarized by the movant (plaintiff in the District Court action) in its motion for relief from stay. Those include:

1. The Liquidator commenced a lawsuit in the United States District Court for the Northern District of Alabama against Preferred Underwriting Alliance, Inc. (the "Debtor") on December 2, 2004 (Case No. 04-JEO-3282).

2. Debtor is an insurance broker and producer that was obligated to collect and remit premiums for Legion Insurance Company and Villanova Insurance company ("Legion").

3. In that action, the Liquidator seeks recovery in excess of $1,280,000 in premiums. A portion of this amount is collected premium.

4. Debtor and Legion are parties to a Master Brokerage Agreement. It is undisputed that the Master Brokerage Agreement obligated Debtor to collect premiums on insurance policies originated for Legion.

5. Legion is currently in liquidation. The Liquidator has the statutory duty of taking possession of all assets that are the property of Legion, including all collected premiums and claims for uncollected premiums.

6. Debtor collected premiums, either directly or through sub-agents or sub-brokers, from insureds and failed to remit those premiums to Legion. Through the course of the District Court proceedings, Debtor through counsel has admitted that the Debtor collected premiums and failed to forward those premiums to Legion. Counsel further stated there was little difference between the Debtor's and the Liquidator's respective calculations of the amount of Legion premium that the Debtor collected but failed to remit. There is no genuine issue of material fact on this issue.

7. On January 18, 2006, a twenty-one page Magistrate Judge's Report and Recommendation was filed, recommending that the Debtor's counterclaim against the Liquidator be dismissed and that the Debtor's affirmative defenses be stricken. See Exhibit A, attached hereto.

8. On February 15, 2006, the District Court entered an order dismissing Debtor's counterclaim and striking its affirmative defenses.

9. On February 17, 2006, the Liquidator served a notice of deposition under Fed.R.Civ.P. 30(b)(6) for a deposition on March 18, 2006. Debtor failed to produce a witness.

10. On March 9, 2006, the Liquidator served interrogatories on Debtor.

11. The Debtor filed for Chapter 7 relief on March 10, 2006. This filing stays the District Court civil action.

<u>Motion of the Insurance Commissioner of the Commonwealth of Pennsylvania for Relief from the Automatic Stay under Section 362(a), Pursuant to Section 362(d) of the Bankruptcy Code</u> at 1-3.

### III. Contentions

The debtor's primary contention, and that of the trustee, is that relief should not be granted because of the cost that may be imposed on the trustee. The debtor recognizes that there are no funds in this case and therefore the trustee would not have funds to support a defense of the District Court litigation. The trustee is concerned that if the stay is lifted that he will be required to defend the pending District Court complaint.

The movant contends that there is cause to lift the stay.

### IV. Conclusions of Law

### A. General Conclusions

This Court has had extensive experience in determining whether an action filed in another court should proceed in that court or the bankruptcy court, after one of the litigants files for bankruptcy protection. See, <u>In re Cummings</u>, 221 B.R. 814 (Bankr. N.D.Ala. 1998); <u>In re Marvin Johnson's Auto Service, Inc.</u>,192 B.R. 1008 (Bankr. N.D.Ala. 1996); and <u>In re Tricare Rehabilitation Systems, Inc.</u>,181 B.R. 569 (Bankr. N.D.Ala. 1994).

In each of those matters, and several unpublished matters since, the movant sought relief from the stay to proceeding in the court where the original action was filed before the bankruptcy was filed in this Court. As this Court frequently recognized, the task for this Court is to balance the equities to determine whether the original matter should be decided by the initial court or should proceed in this Court. To make that determination this Court has considered certain factors.

The specific factors this Court has considered are: (1) trial readiness; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) costs of defense or other potential burden to the estate; (5) the creditor's chances of success on the merits; (6) specialized expertise of the non-bankruptcy forum; (7) whether the damages or claim that may result from the nonbankruptcy proceeding may be subject to equitable subordination under Section 510(c); (8) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (9) the anticipated impact on the movant, or other nondebtors, if the stay is lifted; and, (10) the presence of third parties over which the bankruptcy court lacks jurisdiction. See <u>In re Marvin Johnson's Auto Service, Inc.</u>, 192 B.R. 1008 (Bankr. N.D. Ala. 1996).

3

## B. Specific Conclusions

This Court has considered those factors here in the light of the relevant facts and finds that the factors overwhelmingly weigh in favor of granting relief from the stay.

### 1. Trial Readiness

The movant wants to file a motion for summary judgment in the District Court. That court is, based on Judge Ott's report, ready to hear such a motion. This Court could not hear it any sooner than the District Court.

### 2. Judicial Economy

As some of the other factors demonstrate, there is little, if anything, for this Court to hear. Consequently, it is not really necessary to consider whether judicial economy will be served if all matters were heard in this Court.

### 3. Resolution of Preliminary Bankruptcy Issues

There are no preliminary bankruptcy issues to be heard.

### 4. Costs of Defense

There does not appear to be any cost of defense to the estate.

### 5. Creditor's Chances of Success

This Court does not have sufficient information to reach a conclusion on this factor.

### 6. Expertise of the Non-bankruptcy Forum

It is clear from Judge Ott's report that the expertise of the District Court, including Judge Ott, is needed. The matter underlying the motion before this Court is something for which special expertise is warranted and is a subject that is rarely, if ever, before this Court.

### 7. Whether the Damages or Claim May be Subject to Equitable Subordination

This factor is not applicable.

4

### 8. Extent that a Trial in the Non-bankruptcy Forum Will Interfere with the Progress of the Bankruptcy Case

One of the main reasons for a bankruptcy court to retain underlying litigation is to assure that a debtor's "fresh start" is not compromised. A "fresh start" is not something to consider here.

The trustee represents unsecured creditors. Those creditors have little, if anything, to lose. Hence the trustee does not have any responsibility to defend the District Court litigation. He does not represent the debtor. There are no funds in the estate for the trustee to protect. The corporation is defunct. If assets are discovered, this trustee is experienced enough to determine whether further administration is warranted.

There are no real bankruptcy issues. The debtor is a defunct corporation. And when the debtor's counterclaims were dismissed, this created a no asset situation. There may never be any property in the bankruptcy estate. The trustee is not involved. There is nothing for the trustee or this Court to administer.

There is no section 727 discharge to consider. There are no section 523 dischargeability issues to consider.

Unlike the situation involving an individual debtor, or even an active corporation, the underlying litigation here does not affect the bankruptcy estate.

And finally, pursuant to section 362(c)(2), the relief section 362 provides is temporary. Relief from stay will be granted when this case is closed, regardless of what this Court does now.

### 9. Anticipated Impact on the Movant

The impact is that the movant will be able to conclude these matters quicker.

### 10. Third Parties

This Court does not have sufficient information to reach a conclusion on this factor, but if there are third parties over which this Court lacks jurisdiction, that failure will be quickly corrected in the District Court.

### V. Conclusion

Based on the above, the court finds that the above factors weigh greatly in favor of lifting the stay.

## VI. Order

Based on the above, it is therefore **ORDERED, ADJUDGED and DECREED** that:

1. The <u>Motion of the Insurance Commissioner of the Commonwealth of Pennsylvania for Relief from the Automatic Stay under Section 362(a), Pursuant to Section 362(d) of the Bankruptcy Code</u> is **GRANTED**; and

2. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated:  September 7, 2006         /s/Benjamin Cohen
                                  BENJAMIN COHEN
                                  United States Bankruptcy Judge


BC:pb
cc:   Honorable John E. Ott, U.S. Magistrate Judge, N.D of Alabama
      Clerk, U.S. District Court, N.D. of Alabama